UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Civil Action No.: 1:15-cv-05096

Perseus Telecom Limited,

                        Plaintiff,

                                              **COMPLAINT**

      -against-

Point Financial, Inc.,

                        Defendant.
------------------------------------------------------------------X

      The plaintiff, Perseus Telecom Limited, by its attorneys, D'Agostino, Levine, Landesman & Lederman, LLP, alleges as follows:

## THE PARTIES

1.    The plaintiff, Perseus Telecom Limited ("Plaintiff"), is a foreign business corporation organized under the laws of Ireland, authorized to conduct business in the State of New York and maintains an address of 30 Vesey Street, 14th Floor, New York, NY 10007. Plaintiff is engaged in the business of providing managed services for high-precision, high-speed and high-performance applications.

2.    Upon information and belief, defendant, Point Financial, Inc. ("Defendant" or "Point"), is an entity organized under the laws of the State of Arizona (File No. 07571917) and maintains an address of 20 South Kyrene Road, Chandler, Arizona 85226.

3.    Defendant is engaged in the business of banking, finance and equipment leasing pursuant to the Arizona Corporation Commission. According to its website, Defendant alleges itself to be an "industry leader in the venture lending market, offering unique growth capital and financing solutions for emerging market companies", maintaining an investment portfolio that includes W Hotels, Barclays Bank, America West Airlines, Fox Entertainment, Cisco and McAffee, among others.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 USC § 1332. Plaintiff is a dual citizen, for diversity purposes, of Ireland and New York, and Defendant is a citizen of Arizona.

5. This Court has personal jurisdiction over Defendant as Defendant availed itself to the privilege of conducting financial activities with Plaintiff in the State of New York when it entered into the Agreement (defined below).

6. Venue is proper pursuant to 28 USC §1391(b)(1).

## BACKGROUND

7. Plaintiff commenced this action seeking to enforce a written financial proposal between the parties and recover a commitment fee that Defendant was obligated to refund after it failed to timely issue a binding commitment.

8. Up until the commencement of this action, Defendant, a financial corporation, has not responded to Plaintiff's demand letters and has not provided any explanation as to why it is refusing to refund monies owed to Plaintiff under the Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

9. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" to "8" as though fully set forth herein.

10. On September 24, 2014, Plaintiff and Defendant entered into a confidential financial proposal (the "Agreement") wherein Defendant was to provide certain financial services to Plaintiff.

11. Among other things, the Agreement required Plaintiff to pay Defendant a commitment fee in the amount of $100,000.00 before Defendant commenced its due diligence process.

12. The commitment fee was refundable.

13. Pursuant to the Agreement, Defendant was obligated to refund the commitment fee, less any reasonable expenses incurred by Defendant in the due diligence period, if Defendant failed to issue a binding commitment within thirty (30) days of the Agreement (by October 24, 2014).

14. The commitment fee was paid to, and received by, the Defendant. This created legal rights and obligations between the parties pursuant to provision F in the Agreement.

15. Upon paying the commitment fee, Plaintiff complied with its obligations under the Agreement and provided all necessary documentation to Defendant to expedite its due diligence review.

16. Defendant failed to issue a binding commitment within thirty (30) days of the Agreement (by October 24, 2014), or at any time thereafter.

17. Defendant's failure to timely issue a binding commitment triggered its obligation under the Agreement to return the commitment fee to Plaintiff, less any reasonable expenses it incurred during the due diligence period.

18. Upon information and belief, Defendant incurred no more than $20,000.00 in expenses.

19. Despite initial repeated demands, Defendant failed to return any monies to Plaintiff.

20. On May 1, 2015, Plaintiff sent Defendant a letter demanding the return of the commitment fee (less any reasonable expenses incurred by Defendant during the due diligence period) within five (5) business days.

21. Defendant failed to respond to Plaintiff's May 1, 2015 demand letter and failed to refund any monies owed to Plaintiff. Defendant did not provide any explanation for its actions.

22. Having not received any refund or any response from Defendant, Plaintiff, by way of its counsel, sent Defendant another letter dated May 15, 2015 (via FedEx Overnight Mail, bearing tracking number 773617128848) again demanding the refund of the commitment fee (less any reasonable expenses incurred by Defendant during the due diligence period), by May 22, 2015.

23. In addition, the May 15, 2015 letter also demanded that Defendant produce a detailed ledger identifying all reasonable expenses Defendant allegedly incurred during the due diligence period.

24. Based upon a review of the FedEx's proof-of-delivery tracking system, Defendant received Plaintiff's May 15, 2015 letter on May 18, 2015. In fact, FedEx's tracking system reports that M. O'Malley, the President and Chief Executive Officer of Point, signed off as having received the letter.

25. Defendant failed to respond to the May 15, 2015 letter and refund the commitment fee to Plaintiff. It again failed to provide any explanation for its actions.

26. Defendant's failure to return the commitment fee (less reasonable expenses Defendant incurred in the due diligence period) amounts to a breach of the Agreement between the parties.

27. Defendant's failure to respond, in any fashion, to any of Plaintiff's demand letters constitutes bad faith by Defendant.

28. Defendant's actions and breach of the Agreement have harmed Plaintiff in the amount to be determined at trial, but believed to be approximately $100,000.00, less Defendant's reasonable expenses incurred during the due diligence (which Plaintiff estimates to be nominal, at best, and no more than $20,000.00).

29. Based upon the foregoing, Plaintiff is entitled to a judgment against Defendant in an amount to be determined at trial, but believed to be approximately $100,000.00, less Defendant's reasonable expenses incurred during the due diligence (which Plaintiff estimates to be nominal, at best, and no more than $20,000.00), plus attorneys' fees and expenses incurred in this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR UNJUST ENRICHMENT

30. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" to "29" as though fully set forth herein.

31. In accordance with the terms of the Agreement, Plaintiff paid Defendant a commitment fee in the amount of $100,000.00 which was subject to a refund, less reasonable expenses Defendant incurred during the due diligence period, if Defendant did not issue a binding commitment within thirty (30) days, by October 24, 2014.

32. Defendant failed to issue a binding commitment within thirty (30) days of the September 24, 2014 Agreement.

33. Defendant's failure to timely issue a binding commitment obligated the Defendant, under the Agreement, to return the commitment fee to Plaintiff, less any reasonable expenses incurred by Defendant during the due diligence period.

34. Despite due demand, Defendant has failed to refund any portion of the commitment fee to Plaintiff and has failed to provide any explanation for its actions.

35. Defendant is not entitled to retain the full commitment fee, but only a portion of it to cover the reasonable expenses it incurred during the due diligence period.

36. Upon information and belief, Defendant incurred no more than $20,000.00 in expenses.

37. Therefore, based upon Defendant's actions, Defendant has been unjustly enriched.

38. Based upon the foregoing, Plaintiff is entitled to a judgment against Defendant in an amount to be determined at trial, but believed to be approximately $100,000.00, less Defendant's reasonable expenses incurred during the due diligence (which Plaintiff estimates to be nominal, at best, and no more than $20,000.00).

**WHEREFORE**, Plaintiff, Perseus Telecom Limited ("Plaintiff"), demands judgment against Defendant, Point Financial, Inc. ("Defendant"), (a) under its first cause of action for a breach of contract; (b) under its second cause of action for unjust enrichment; and (c) for such other relief as the Court deems just and proper in the circumstances.

Dated:  June 29, 2015
        New York, New York

D'AGOSTINO, LEVINE, LANDESMAN
& LEDERMAN, LLP

By: _____
Bruce H. Lederman, Esq.
Christopher M. Tarnok, Esq.
*Attorneys for Plaintiff*
345 Seventh Avenue, 23rd Floor
New York, NY  10001
Tel: (212) 564-9800
Fax: (212) 564-9802
Email: blederman@dagll.com